IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUANZHOU MINGHOU TRADING CO. LTD, a Chinese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 1:23-cv-00026-MSS-SRH<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**<br><br>**JURY TRIAL DEMANDED**<br><br>Hearing: February 7, 2023 at 9:45 A.M.<br>Courtroom: 1919<br>Judge: Hon. Manish S. Shah |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION AS TO DEFENDANTS NUMBERED 1-7, 11, 16, 19-32, 52-57**

Plaintiff QUANZHOU MINGHOU TRADING CO, LTD ("Plaintiff" or "MINGHOU") submits this Memorandum in support of his Motion for Entry of Preliminary Injunction as to certain defendants identified therein ("Motion").

///

///

///

///

///

///

# MEMORANDUM OF LAW

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff QUANZHOU MINGHOU TRADING CO, LTD ("Plaintiff" or "MINGHOU") brings this action against Defendants identified in Schedule A to the Complaint (collectively "Defendants") for patent infringement of U.S. Patent No. D912,376 (the '376 Patent), also referred to as the "Footwear Sole Design."

As alleged in Plaintiff's Motion for Temporary Restraining Order and Memorandum which are referenced and incorporated herein, Plaintiff outlined its entitled to preliminary injunctive relief (1) enjoining Defendants from manufacturing, importing, distributing, offering for sale, or selling infringing products; (2) temporarily restraining Defendants' assets related to its unlawful acts; and (3) granting expedited discovery as to the identities of Defendants and the financial accounts used to further Defendants unlawful acts. (ECF No. 14). On January 12th, 2023, this Court granted Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining order, setting the expiration of that order on January 26, 2023, as per Fed. R. Civ. P. 65(b) ("TRO") [ECF No. 13-14] and granted one extension on January 23rd, 2023 [ECF No. 20]. The TRO is set to expire on February 9th, 2023.

The TRO authorized Plaintiffs to provide notice of these proceedings to Defendants by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail to the e-mail addresses identified in Exhibits and any e-mail addresses provided for Defendants by third parties that includes a link to said website. Since and pursuant to entry of the TRO, the accounts associated with the Defendant Internet Stores links to the infringing products have been removed and accounts have been frozen, or are in the process of doing so. See Declaration of Nihat Deniz Bayramoglu (hereinafter "Bayramoglu Decl.") at ¶ 6.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against the Defendants continuing to enjoin them from manufacturing, importing,

distributing, offering for sale, or selling infringing products and restraining the financial accounts used until final judgment is entered in this matter.

## II. ARGUMENT

### A. Converting the TRO to a preliminary injunction and extending the relief granted is necessary and appropriate.

Plaintiff respectfully requests that this Court convert the already entered TRO into a preliminary injunction before its expiration. The TRO prevents Defendants from infringing the Footwear Design patent and evading Plaintiff's enforcement efforts by transferring their ill-gotten funds prior to entry of a final judgment. Numerous courts in this District found that such conversion is wholly appropriate and warranted in cases with similar facts. *Antsy Labs, LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 21 C 3289, 2022 WL 17176498, at *1 (N.D. Ill. Nov. 23, 2022); *Peng v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 21-CV-1344, 2021 WL 4169564, at *3 (N.D. Ill. Sept. 14, 2021); *Christian Dior Couture, S.A. v. The Partnerships and Unincorporated Associations Identified in Schedule "A"*, No. 1:18-cv-4121, Dkt. No. 40 (N.D. Ill. July 16, 2018); *H-D U.S.A., LLC v. The Partnerships and Unincorporated Associations Identified in Schedule "A,"* No. 1:18-cv-6406, Dkt. No. 32 (N.D. Ill. Oct. 11, 2017); *Luxottica Group S.p.A. et al v. The Partnerships and Unincorporated Associations Identified in Schedule "A,"* No. 1:16-cv-7988, Dkt. No. 48 (N.D. Ill. Sept 1, 2016).

### B. The Court has already found that Plaintiffs would suffer irreparable harm and would likely succeed on the merits.

Courts in this District have held that "[t]he standard for issuance of a TRO is the same standard that is applied for the issuance of a preliminary injunction." *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13 C 2167, 2013 U.S. Dist. LEXIS 47248, at *4 (N.D. Ill. 2013). Because the standard for granting a TRO and the standard for granting a preliminary injunction are identical, the requirements for entry of a preliminary injunction extending the

TRO have been satisfied. See, e.g. *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted); see also *Bulgari, S.p.A. v. Partnerships & Unincorporated Associations Identified On Schedule "A,"* No. 14-CV-4819, 2014 WL 3749132, at *3 (N.D. Ill. July 18, 2014), *report and recommendation adopted sub nom. Bulgari, S.p.A. v. Partnerships & Unincorporated Associations Identified on Schedule 'A,'*, No. 14 CV 4819, 2014 WL 3765854 (N.D. Ill. July 29, 2014).

A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). Here, by virtue of this its entry of the TRO, the Court already found that the above requirements have been satisfied based on the initial pleadings.

**C. The equitable relief sought remains necessary and appropriate.**

The America Invents Act authorizes courts to issue injunctive relief "according to principles of equity to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable" 35 U.S.C. § 283.

i. **The asset restraining order remains necessary and appropriate.**

Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order sought, and this Court granted, a temporary asset freeze given the likelihood that Defendants will simply transfer their assets in an attempt to evade any judgment against them entered by this Court. [ECF No. 14]. Given the ongoing nature of this matter, and the continuing likelihood that absent such an asset freeze, Defendants will simply transfer their assets, thereby depriving Plaintiff of any chance of meaningful recovery, Plaintiff respectfully requests that this Court freeze these assets until final judgment in this matter is entered. As Plaintiff has already demonstrated, these types of relief have been found wholly appropriate in similar cases by Courts in this District. See,

e.g., *Oakley, Inc. v. Does 1-100,* No. 12-cv-9864 (N.D. Ill. Dec. 14, 2012) (Dow, J.) (granting ex parte application for temporary restraining order including the transfer of domain names, freezing of Defendants' financial accounts, and service of process by electronic publication and electronic mail); *True Religion Apparel, Inc. v. Does 1-100*, No. 12-cv-9894 (N.D. Ill. Dec. 20, 2012) (Coleman, J.) (same); *Tory Burch LLC v. Zhong Feng, et al.,* No. 12-cv-9066 (N.D. Ill. Nov. 15, 2012) (same); *Coach, Inc., et. al v. Does-100,* No. 12-cv-8963 (N.D. Ill. Nov. 15, 2012) (same); *Tory Burch LLC v. Does 1-100,* No. 12-cv-07163 (N.D. Ill. Sept. 14, 2012) (same); *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13 C 2167, 2013 U.S. Dist. LEXIS 47248, at *25-26 (N.D. Ill. Mar. 27, 2013) (same).

      The freezing of assets "is also appropriate in this case because Defendants may otherwise transfer their financial assets to overseas accounts, thereby depriving the Plaintiff of final relief." See *Reebok Int'l Ltd. v. Marnatech Enters., Inc.,* 970 F.2d 552, 559 (9th Cir. 1992); *CSC Holdings, Inc. v. Redisi,* 309 F.3d 988, 996 (7th Cir. 2002) ("[S]ince the assets in questions… were profits of the [defendants] made by unlawfully stealing [the plaintiffs'] services, the freeze is appropriate and may remaining in place pending final disposition of this case."). Since entry of the TRO, Plaintiff has been in contact with third party counsels to freeze all funds associated with Defendants' accounts as well as removing the infringing listings. See Ex. A at ¶ 4. If the asset freeze is not continued for the duration of these proceedings, Defendants will most likely simply move their assets to unreachable accounts, evading any attempts by Plaintiff to recover its damages and the powers of this Court.

      Due to the foregoing, Plaintiff respectfully requests that this Court order that Defendants' financial accounts used to perpetuate the infringement, remain frozen for the duration of this matter.

### III.   CONCLUSION

      For the foregoing reasons, Plaintiff respectfully requests that this Court enter a preliminary injunction as to Defendants numbered 1-7, 11, 16, 19-32, 52-57.

DATED this 31st day of January 2023.  Respectfully Submitted,

**Bayramoglu Law Offices, LLC**

*/s/ Nihat Deniz Bayramoglu*
Nihat Deniz Bayramoglu, Esq.
Gokalp Deniz Bayramoglu, Esq.
540 West Warm Springs Road, Suite 100
Henderson, Nevada 89014
Telephone: 702.462.5973
Facsimile: 702.553.3404
Deniz@bayramoglu-legal.com
Gokalp@bayramoglu-legal.com

*Attorneys for Plaintiff*