IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUANZHOU MINGHOU TRADING CO. LTD., A CHINESE CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>*Defendants*. | Civil Action No. 1:23-cv-00026<br><br>Judge Hon. Manish S. Shah |

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLIAMS**

Defendants TIAMOU, Mosha Belle, Quinmok, AprilSpring, Just So So, WONESION, UMYOGO, and JSLEAP (collectively "Defendants"), by and through their undersigned attorney, and for its Answer to Plaintiff Quanzhou Minghou Trading Co. Ltd.'s ("Plaintiff" or Minghou") Complaint, state as follows:

### I. JURISDICTION AND VENUE

1. Defendants admit that in this action Plaintiff attempts to assert a claim under the Patent Act, 35 U.S.C. § 1, *et seq*., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331, that this Court has subject matter jurisdiction over such claims. Defendants deny the substance of the alleged claims.

2. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

### II. INTRODUCTION

3. Defendants admit this action has been filed by Plaintiff pursuant to 35 U.S.C. § 1, et seq. Except as so admitted, the remaining allegations in paragraph 3 are denied. Defendants deny the substance of the alleged claims.

4. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities or regarding Plaintiff's purpose of filing this lawsuit, and so deny them.

5. Defendants admit that Plaintiff filed an ex parte Motion for Temporary Injunction in this case and Defendants' assets have been frozen. Except as so admitted, the remaining allegations in paragraph 5 are denied. Defendants deny the substance of the alleged claims.

6. Denied.

### III. THE PARTIES

**A. Plaintiff QUANZHOU MINGHOU TRADING CO. LTD.**

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 7.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 8.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 9.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 10.

**B. The Defendants**

11. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

12. Defendants admit that Defendants are individuals and entities that reside in the People's Republic of China. Except as so admitted, the remaining allegations in paragraph 12 that are directed towards Defendants are denied. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

13. This paragraph is a statement of a matter of law which presents no factual allegations to which a response is required pursuant to Fed. R. Civ. P. 8(b). To the extent that this paragraph may be deemed to contain any factual allegations requiring a response, Defendants deny any such allegations that are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

14. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them. Defendants further contend that since Defendants already provided credible information regarding their identities, Plaintiff shall take appropriate steps to amend its Complaint as it affirmatively pled in its Complaint.

15. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

## IV. BACKGROUND

16. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

17. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

18. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

19. Denied.

20. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 20.

21. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

22. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

23. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them,

24. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

25. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

26. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

27. Defendants admit that they sold products in the United States. Except as so admitted, the remaining allegations in paragraph 27 that are directed towards Defendants are denied. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

28. Denied.

## V.    COUNT I

**[ALLEGED] INFRINGEMENT OF UNITED STATES DESIGN PATENT D912,376**

**(35 U.S.C. § 271)**

29. Defendant incorporates by reference its answers in Paragraphs 1 through 28 above.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and therefore deny the allegations in paragraph 30.

31. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

32. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

33. Denied.

34. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

35. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

36. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

37. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

38. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

39. Denied.

40. Denied.

41. Defendants deny the allegations of this Paragraph to the extent they are directed towards Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of any allegations in this paragraph directed against other entities, and so deny them.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny any and all remaining allegations not specifically admitted and deny that Plaintiff is entitled to the relief requested in paragraphs 1) through 7) of its Prayer for Relief, or to any relief at all. To the extent that any statement in Plaintiff's Prayer for Relief is considered to contain factual allegations that require a response, Defendants deny each and every such allegation.

## JURY DEMAND

Defendants demand a trial by jury on all claims and issues so triable.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without altering the burden of proof, Defendants assert the following defenses based on an investigation that is not yet complete. Defendants' investigation of their defenses is continuing, and Defendants reserve the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defense, at law or in equity, that may now exist or in the future may be available based on discovery and further investigation in this case.

### First Affirmative Defense

### Non-Infringement

1. Defendants have not infringed any valid claim of the U.S. Patent No. D912,376 (the '376 Patent).

### Second Affirmative Defense

### Invalidity

2. The claim of the '376 Patent is invalid for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and 112.

### Third Affirmative Defense

### Patent Misuse

3. Plaintiff's claim is barred, in whole or in part, by reason of patent misuse as Plaintiff unlawfully attempted to enforce the '376 Patent when Plaintiff knew or should have known that its claim is invalid and/or not infringed.

### Fourth Affirmative Defense

### Limitation on Damages and Other Relief

4. Plaintiff is precluded from recovering damages, in whole or in part, under the provisions of 35 U.S.C. § 286 and/or § 287.

### Fifth Affirmative Defense

### Equitable Defenses

5. Plaintiff's claim is barred, in whole or in part, under principles of equity, including without limitation, waiver, estoppel, unclean hands, and/or other equitable doctrines.

### Sixth Affirmative Defense

### Laches

6. Plaintiff's claim is barred by laches, in the Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendant's actions.

### Seventh Affirmative Defense

### Prosecution History Estoppel

7. By reason of acts, admissions, and statements before the USPTO made by or on

behalf of applicant for the '376 Patent during prosecution of the patent applications that matured into the '376 Patent, Plaintiff is estopped from claiming Defendants infringe the '376 Patent.

## Eighth Affirmative Defense

## No Exceptional Case

8. Plaintiff has not alleged facts, and Defendants have not engaged in conduct, that entitles Plaintiff to a judgment that this case is exceptional or to an award of enhanced damages and/or attorneys' fees or costs.

## Ninth Affirmative Defense

## Failure to State a Claim

9. Plaintiff has failed to state a claim upon which relief can be granted.

## Other Affirmative Defenses Reserved

10. Defendants have insufficient knowledge and information upon which to form a belief as to whether it may have as yet unstated separate and additional defenses available. Defendants expressly reserve the right to assert any other legal or equitable defenses that may be available to Defendants based upon legal theories which may or will be divulged through clarification of Plaintiff's Complaint, through discovery, or through further legal analysis of Plaintiff's claim and positions in this litigation.

## COUNTERCLAIM-PLAINTIFFS' COUNTERCLAIMS

Defendants/Counterclaim-Plaintiffs TIAMOU, Mosha Belle, Quinmok, AprilSpring, Just So So, WONESION, UMYOGO, and JSLEAP (collectively "Counterclaim-Plaintiffs") bring the following Counterclaims against Plaintiff/Counterclaim-Defendant Quanzhou Minghou Trading

Co. Ltd. ("Counterclaim-Defendant" or "Minghou") pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows:

## THE PARTIES

1. Counterclaim-Plaintiffs are individuals and/or entities that reside in the People's Republic of China.

2. On information and belief, Counterclaim-Defendant Quanzhou Minghou Trading Co. Ltd. is a Chinese company based in the People's Republic of China.

## JURISDICTION AND VENUE

3. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and the Patent Laws of the United States of America, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 in combination with 28 U.S.C. §§ 2201, and 2202.

4. Minghou has voluntarily submitted to the personal jurisdiction of the United States District Court, Northern District of Illinois, by virtue of, inter alia, its bringing its present action in this Court. Minghou is subject to personal jurisdiction in this judicial district for the purposes of these Counterclaims.

5. According to the Complaint, Minghou alleges that venue is proper in this judicial district. Counterclaim-Plaintiffs contest that this venue is a convenient forum for this action.

## BACKGROUND

6. Numerous products, publications, and/or patents showing designs substantially similar to the '376 patent were already in the public domain prior to Minghou's claimed priority date of the '376 patent, such as U.S. Patent No. D741,584; U.S. Patent Publication No. US 2014/0202031 A1; and the Skdoiul-branded product as shown in Dkt. No. 38-1.

**Counterclaim I – Non-Infringement of U.S. Patent No. D912,376**

7. Counterclaim Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

8. In its Complaint, Minghou alleges that it is "the assignee" of the '376 patent, and that Counterclaim Plaintiffs have infringed and continue to infringe the '376 patent.

9. Counterclaim Plaintiffs have not infringed any valid and/or enforceable claim of the '376 patent and are entitled to a declaration to that effect.

10. Absent a declaration of non-infringement, Minghou will continue to wrongfully assert the '376 patent against Counterclaim Plaintiffs, and thereby cause Counterclaim Plaintiffs irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Counterclaim Plaintiffs and Minghou.

11. This is an exceptional case entitling Counterclaim Plaintiffs to an award of their attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. §285.

**Counterclaim II – Invalidity of U.S. Patent No. D912,376**

12. Counterclaim Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

13. The claim of the '376 patent is invalid because it fails to comply with one or more of the provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and Counterclaim Plaintiffs are entitled to a declaration to that effect.

14. Absent a declaration of invalidity, Minghou will continue to wrongfully assert the '376 patent against Counterclaim Plaintiffs, and thereby cause Counterclaim Plaintiffs irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Counterclaim Plaintiffs and Minghou.

15. This is an exceptional case entitling Counterclaim Plaintiffs to an award of their attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. §285.

## PRAYER FOR RELIEF

16. WHEREFORE, Counterclaim Plaintiffs request that the Court enter a judgment:

    a. Against Minghou and in favor of Counterclaim Plaintiffs;

    b. Dismissing Minghou's Complaint in its entirety with prejudice, and adjudging that Minghou is entitled to no relief whatsoever from Counterclaim Plaintiffs;

    c. Declaring that Counterclaim Plaintiffs have not infringed any claim of the '376 patent;

    d. Declaring that the '376 patent is invalid;

    e. Adjudging that Minghou take nothing by its Complaint;

    f. Declaring that pursuant to 35 U.S.C. § 285 and/or other applicable laws, Minghou's conduct be found to render this an exceptional case and awarding Counterclaim Plaintiffs their attorneys' fees and costs in connection with this action; and

    g. Awarding Counterclaim Plaintiffs such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

17. Counterclaim Plaintiffs demand a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all issues that may be tried to a jury.


DATED: March 20, 2023                     Respectfully submitted,

                                          By: */s/ Tong Jin*
                                          Timothy T. Wang
                                          Texas Bar No. 24067927
                                          twang@nilawfirm.com

Tong Jin
New York Bar No. 5871959
tjin@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Tong Jin*
Tong Jin