IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUANZHOU MINGHOU TRADING CO. LTD, a Chinese Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and INCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | CASE NO. 1:23-cv-00026-MSS-SRH<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANTS NUMBERED 9, 16 – 24, 26-32, 40 – 46, 50, and 52- 53**<br><br>Hon. Judge Manish S. Shah |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DEFENDANTS NUMBERED 9, 16 – 24, 26-32, 40 – 46, 50, and 52- 53**

Plaintiff QUANZHOU MINGHOU TRADING CO. LTD., ("MINGHOU" or "Plaintiff"), by and through its counsel, submits the following memorandum in support of its Motion for Entry of Default and Default Judgment pursuant to Federal Rule of Civil Procedure 55(a) and (b). Plaintiff respectfully moves the Court for an entry of Default and Default Judgment against the defendants numbered 9, 16 – 24, 26-32, 40 – 46, 50, and 52- 53 (collectively, "Defaulting Defendants"), in Plaintiff's action for willful infringement of U.S. Patent No. D912,376 (the '376 Patent or "Footwear Sole Design"). Plaintiff intends on filing an additional motion for default as to the remaining Defendants Defaulting once AliExpress provides additional information. Defendants refers to those Defendants who have not entered into a stipulation with Plaintiff, have not been voluntarily dismissed from the case, or have not filed an answer to the Complaint, and for which plaintiff has some sales revenue information. See the Declaration of Y. Nandish Wijetilleke (the "YNW Declaration").

1

## STATEMENT OF FACTS

MINGHOU is the assignee of U.S. Patent No. D912,376 ("376 Patent," also referred to as the "Footwear Sole Design") and filed this patent infringement action pursuant to 35 U.S.C. § 1, et seq. against Defendants identified on Schedule "A." Defaulting Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the seller aliases identified on Schedule A (collectively, the "Seller Aliases"). [ECF 1] at ¶ 11. Each Defaulting Defendant targets sales to Illinois residents by setting up and operating e-commerce stores that target U.S. consumers using one or more Seller Aliases, offer shipping to the U.S., including Illinois, accept payment in U.S. dollars and have sold products, including footwear, which infringe the Footwear Sole Design (the "Infringing Products") to residents of Illinois. *Id*. at ¶ 27-28. Additional factual assertions regarding Defaulting Defendants in Paragraphs 16 – 28 of the Complaint are incorporated herein. *Id*. at ¶¶ 16 – 28.

Plaintiff filed the present suit on January 3, 2023 [ECF 1]. The case was assigned to the Honorable Manish S. Shah, who granted Plaintiff's ex parte motion to seal, motion for temporary restraining order, asset restraint, expedited discovery, and motion for electronic service on January 12, 2023. [ECF 13]. The Court granted Plaintiff's Motion to Extend the Temporary Restraining Order on January 23, 2023 [ECF 20] and Plaintiff's Motion for Preliminary Injunction as to certain defendants on February 7, 2023. [ECF 30, 31]. Plaintiff voluntarily dismissed Defendants numbered 8 [ECF 32], 80 [ECF 33], 13 [ECF 34], 25 [ECF 42], 5-7, 11 and 12 [ECF 50]. The Court issued a summons as to Defendants The Partnerships and Unincorporated Associations Identified on Schedule A on February 24, 2023, which Plaintiff returned executed on February 27, 2023. [ECF 43, 44]. The Court granted the joint stipulation between Plaintiff and Defendants numbered 1, 2, 3, 4, 34, 43, 45, and 79, to modify the preliminary injunction to freeze $100,000 in assets of these Defendants and to dismiss as moot, these Defendants' Motion to Vacate the Preliminary Injunction filed on March 30, 2023. [ECF 54].

At this stage, Plaintiff is asking the Court for an entry of default and an order for default judgment against the Defendants identified in Schedule "A" to the Complaint with the exception of the defendants who Plaintiff voluntarily dismissed, with whom Plaintiff entered into a joint stipulation, or who have appeared in this litigation. An entry of default only requires a showing that the Defendants have failed to plead or otherwise defend against the judgment and other affirmative relief sought. Fed. R. Civ. P. 55(a). Plaintiff served the Summons issued on February 24, 2023, on Defaulting Defendants, via electronic service on February 27, 2023. [ECF 42-43]. As of today, those Defendants who have not entered into a stipulation or been voluntarily dismissed and have failed to file an answer within 21 days of the service, are in default. Paragraph 7 of the Temporary Restraining Order ("TRO") permitted Plaintiff to complete service of process to Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 1 to the YNW Declaration and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [ECF 14] at ¶ 8. The Defendants were properly served on February 27, 2023. [ECF 43, 44]. None of the Defaulting Defendants have filed an answer or otherwise pled in this action. See YNW Decl. at ¶ 2.

By choosing not to participate in this case, Defaulting Defendants have failed to produce any documents or information for: (1) identifying each and every domain name, online marketplace account and/or financial accounts used by Defaulting Defendants, including the owner(s) and/or operator(s) of each Online Marketplace; (2) showing costs, cost allocations, revenues, and profits of Defaulting Defendants; or (3) relating to each and every purchase that Defaulting Defendants have made relating to the Footwear Design and/or the Infringing Products, including records of the products purchased, the sale prices, images of the products, records of suppliers and manufacturers of the products, records of steps taken by Defaulting Defendants to determine whether such products were new or genuine, and records of investigation notes regarding purchase of the products, including the identity of the person(s) responsible for such investigation. Limited information provided by PayPal, Inc. ("PayPal"), Alipay, ContextLogic

Inc. d/b/a Wish.com ("Wish.com"), and Amazon.com, Inc. ("Amazon") for Defaulting Defendants indicates that the amount currently restrained in Defaulting Defendants' known financial accounts ranges from $0 - $10,067,954.69. YNW Decl. at ¶ 4. Additionally, the limited information provided by Amazon and Wish.com indicates that the known revenue generated by some Defaulting Defendants from the sale of the specific Infringing Product listings reported by Plaintiff is up to at least $62,740.72 *Id*. at ¶ 5. Plaintiff does not have any infringing sales information for other potential Infringing Products sold by Defaulting Defendants.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on Count 1 of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products. Plaintiff further seeks an order that, for Defaulting Defendants wherein infringing product revenue is unknown, all assets in Defaulting Defendants' financial accounts, including those operated by Walmart, eBay.com, Alipay, Wish.com, and Amazon, as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. Alternatively, for Defaulting Defendants where limited infringing product revenue is available, Plaintiff requests that the greater amount between the restrained funds and the known infringing product revenue, but no less than $250, be awarded to Plaintiff.

## ARGUMENT
### I.    JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 11, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* [ECF 1] at ¶¶ 1, 14, 26 and 27; *uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d

421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, has sold Infringing Products to consumers in the United States, including the State of Illinois. [ECF 1] at ¶¶ 27-28. Personal jurisdiction exists over Defaulting Defendants since they directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce stores under the Seller Aliases through which Illinois residents can purchase Infringing Products. *Id. See Monster Energy Co. v. Chen Wensheng, et al.*, 2015 U.S. Dist. LEXIS 132283, at *11 (N.D. Ill. Sept. 29, 2015).

## II. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On January 3, 2023, Plaintiff filed its Complaint alleging federal patent infringement of U.S. Patent No. D912,376 pursuant to 35 U.S.C. § 271 (Count I). [ECF 1]. The Defendants were properly served with the Complaint on February 27, 2023. [ECF 43, 44]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. YNW Decl. at ¶ 2. On information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

### III. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defaulting Defendants on February 27, 2023. [ECF 43, 44]. The answer deadline has passed, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and pursuant to 35 U.S.C. § 289, Plaintiff requests an award of Defaulting Defendants' profits resulting from Defaulting Defendants' unauthorized use and infringement of the Footwear Sole Design on products sold through the e-commerce stores operating under the Seller Aliases. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from making, using, offering for sale, selling, and importing Infringing Products. Plaintiff further seeks an order that, for Defaulting Defendants wherein the infringing product revenue is unknown, all assets in their financial accounts, including those operated by PayPal, eBay, Alipay, Aliexpress, Alibaba, Amazon, Walmart.com and Wish.com, as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. Alternatively, for Defaulting Defendants where limited infringing product revenue is available, Plaintiff requests that the greater amount between the restrained funds and the known infringing product revenue, but no less than $250, be awarded to Plaintiff.

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States

6

any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. §271(a). Plaintiff alleged in its Complaint that it is the lawful assignee of all right, title, and interest in and to the Footwear Sole Design. [ECF 1] at ¶ 7. Plaintiff has also alleged that Defaulting Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the Footwear Sole Design. *Id*. at ¶ 26. Exhibit 1 to the Complaint shows that an ordinary observer would be deceived into thinking that the Infringing Products were the same as the Footwear Sole Design. [ECF 1-2]. *See Competitive Edge, Inc. v. Staples, Inc*., 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665, 672 (Fed. Cir. 2008)). Finally, Plaintiff alleged that it has not licensed or authorized Defaulting Defendants to use the Footwear Sole Design, and none of the Defaulting Defendants are authorized retailers. [ECF 1] at ¶ 26. Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I for patent infringement against the Defaulting Defendants.

### IV. PLAINTIFF IS ENTITLED TO DEFENDANTS' PROFITS, BUT NOT LESS THAN $250, PURSUANT TO 35 U.S.C. § 289.

In design patent infringement cases, a patentee may recover the total profits made by a defendant under 35 U.S.C. § 289. Section 289 provides that "[w]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250…." 35 U.S.C. § 289. Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total

profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.,* 137 S. Ct. 429, 434 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at *7 (E.D. Wisc. 2017). Thereafter,

> the burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may well be a windfall to the trademark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.

*WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) citing *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07, 62 S. Ct. 1022, 86 L. Ed. 1381, 1942 Dec. Comm'r Pat. 767 (1942). While Section § 289 does not explicitly impose any burden on the defendant, "this shift in the burden of production is consistent with the disgorgement of profits in other contexts." *Nordock, Inc. v. Systems, Inc*., 2017 U.S. Dist. LEXIS 192413, at *7-8. Patent holders therefore are entitled "to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty." *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) (citations omitted).

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. See *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("[t]he burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks."); *Chloe v. Queen Bee of Beverly Hills*, 2009 U.S. Dist. LEXIS 84133, at *15-17 (S.D.N.Y. Jul. 16, 2009) (entering profits award for the entire revenue amount in trademark infringement case even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products [as opposed to other products not at issue in this case] or as to the costs incurred in acquiring and selling these products."). Under normal circumstances, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Deckers Outdoor Corp. v. ShoeScandal.com,*

Ltd. liability Co., No. CV 12-7382, 2013 U.S. Dist. LEXIS 168545, at *12 (C.D. Cal. Nov. 25, 2013), citing *Sunbeam Prods., Inc. v. Wing Shing Prods*. (BVI) Ltd., 311 B.R. 378, 401 (S.D.N.Y. 2004) aff'd, 153 F. App'x 703 (Fed. Cir. 2005). "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determine profits." See *Nike, Inc. v. Wal-Mart Stores, Inc*., 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Here, because Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information regarding Defaulting Defendants' profits from the sale of Infringing Products. Defaulting Defendants have failed to produce any documents or information: (1) characterizing each of the transactions in their financial accounts, (2) other accepted payment methods; or (3) other Internet stores that they may be operating. Defaulting Defendants therefore have not met their burden to apportion gross receipts between infringing and non-infringing product sales, or to show any deductions. *WMS Gaming, Inc. v. WPC Prods. Ltd.,* 542 F.3d 601, 608 (7th Cir. 2008); *Nordock, Inc. v. Systems, Inc*., 2017 U.S. Dist. LEXIS 192413, at *7.

Based on the limited information available, the known revenue generated by Defaulting Defendants from the sale of Infringing Products is up to at least $62,740.72. YNW Decl. at ¶ 7. However, the infringing product revenue information available to Plaintiff only includes revenue figures for a single product having a unique product identification number. *id*. Because Defaulting Defendants have failed to fully participate in the proceedings, Plaintiff is unable to obtain complete information regarding additional e-commerce stores owned by Defaulting Defendants and additional products sold by Defaulting Defendants that infringe the Footwear Sole Design. Also, as a result of Defendants' non-participation in this case, Plaintiff is unable to obtain information regarding what portion of the amount currently restrained in Defaulting Defendants' accounts are proceeds from the sale of Infringing Products. Plaintiff's requested profit award under 35 U.S.C. § 289 is provided in the chart in Paragraph 7 of the YNW Declaration.

## V. PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF.

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in the Footwear Sole Design, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction. Plaintiff incorporates by reference its arguments in its Memorandum in Support of its Motion for Temporary Restraining Order, and Memorandum in Support of its Motion for Preliminary Injunction. [ECF 6], at 4 – 17; [ECF 23], at 3-6. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new e-commerce stores that are identified, found to be linked to Defaulting Defendants, and selling Infringing Products. See, e.g., *Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC*, 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd*., 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

## VI. PLAINTIFF IS ENTITLED TO AN AWARD OF COSTS AND ATTORNEY FEES

Plaintiff seeks an award of all costs pursuant to Fed. R. Civ. P. 54(d)(1) including but not limited to fees of the clerk, fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and docket fees. *Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.* (N.D. Ill. 2012) 873 F.Supp.2d 939, 943. Plaintiff also seeks an award of attorney's fees pursuant to the Patent Act's fee-shifting provision in exceptional cases. 35 U.S.C.A. § 285 (West) Exceptional cases are those that stand out from others due to " substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the

unreasonable manner in which the case was litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* (2014) 572 U.S. 545, 554 [134 S.Ct. 1749, 1756, 188 L.Ed.2d 816]. An exceptional case finding may be "properly be based on either willful infringement or bad faith conduct. *Northlake Marketing & Supply, Inc. v. Glaverbel, S.A. (N.D. Ill. 1999) 72 F.Supp.2d 893, 909.* Willful patent infringement requires Plaintiff to prove by clear and convincing evidence that the "alleged infringer acted in disregard of the Patent and had no reasonable basis for believing it had a right to do so." *Trading Technologies Intern., Inc. v. eSpeed, Inc. (N.D. Ill. 2006) 431 F.Supp.2d 834.*

Here, the Defaulting Defendants willfully infringed the Footwear Sole Design as evidenced by their actions upon filing this suit. Defaulting Defendants did not participate in this case and did respond to emails from us or notifications from third-party e-commerce platforms. The Defaulting Defendants had no reasonable basis for believing they had a right to infringe the Footwear Sole Design. Rather than answering the lawsuit, the Defaulting Defendants removed the money from their accounts with third-party platforms and chose not to fight the infringement claims. Defaulting Defendants therefore willfully infringed the Footwear Sole Design and acted in bad faith by absconding with their ill-gotten gains. Further, Plaintiff stands in a substantively strong position with its infringement claims, whereas Defaulting Defendants have not participated. Plaintiff therefore respectfully requests that the Court award costs to Plaintiff, find that this case is exemplary, and, in its discretion, award attorney fees to Plaintiff.

## VII. DEFAULTING DEFENDANTS SHOULD BE JOINTLY AND SEVERALLY LIABLE.

Joint and several liability enables a victim of a tort to sue any of the joint tortfeasors to recover their entire amount of damages from one tortfeasor. *Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V.* (7th Cir. 2004) 391 F.3d 871. In determining whether to order

joint and several liability, Courts seek a rationale for not apportioning damages between the defendants in this case. *R-BOC Representatives, Inc. v. Minemyer (N.D. Ill., Aug. 15, 2017, No. 07 C 1763) 2017 WL 3491974, at \*6, aff'd (Fed. Cir. 2018) 726 Fed.Appx. 821.* Here, Defaulting Defendants are jointly and severally liable for direct and indirect patent infringement. Defaulting Defendants' nonparticipation in the case impedes Plaintiff's ability to determine complete profit awards and account for associated costs in determining the profit award. Due to their lack of participation as well as the limited information available, Plaintiff cannot reasonably apportion damages to defaulting defendants. Defaulting Defendants therefore should be jointly and severally liable.

The Defaulting Defendants are also joint and severally liable as co-infringers because they acted in concert to infringe the Plaintiff designs. *Respect Inc. v. Fremgen (N.D. Ill. 1995) 897 F.Supp. 361, 363; see Chappell & Co., Inc. v.* Frankel, 285 F.Supp. 798 (S.D.N.Y.1968)(defines co-infringer as one who participates in the infringement). In this case, upon information and belief, Defendants are an interrelated group of infringers working in active concert to manufacture, use, offer to sell, sell, and import for sale or use, Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Compl. at ¶ 23. All persons involved in the united infringement are therefore jointly and severally liable for damages resulting therefrom. See *Sammons v. Colonial Press* (1st Cir. 1942) 126 F.2d 341 (applying trademark infringement principles to patent infringement). Thus, under the theory of joint and several liability, Defaulting Defendants should be held jointly and severally liable.

## CONCLUSION

Plaintiff respectfully requests that the Court enter default judgment against each Defaulting Defendant, including a corresponding profit award under 35 U.S.C. § 289 against each Defaulting Defendant and a permanent injunction order prohibiting Defaulting Defendants from selling

Infringing Products. Plaintiff further seeks an order that, for Defaulting Defendants wherein infringing product revenue is unknown, all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, eBay, Alipay, Wish.com, Aliexpress.com, Alibaba.com and Amazon, as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. For Defaulting Defendants where limited infringing product revenue is available, Plaintiff requests that the greater amount between the restrained funds and the known infringing product revenue, but no less than $250, be awarded to Plaintiff. Plaintiff further seeks an award of costs and attorney fees. Lastly, Plaintiff requests a court order awarding costs and attorney fees to Plaintiff and requiring Plaintiff to provide necessary documentation within 30 days.

DATED this 14th day of April, 2023.　　　　Respectfully Submitted,

**BAYRAMOGLU LAW OFFICE, LLC**

*/s/ Nihat D. Bayramoglu*
Nihat D. Bayramoglu, Esq.
Gokalp Deniz Bayramoglu, Esq.
Y. Nandish Wijetilleke, Esq.
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89014
Telephone: 702.462.5973
Facsimile: 702.553.3404
Deniz@bayramoglu-legal.com
Gokalp@bayramoglu-legal.com
Nandish@bayramoglu-legal.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April 2023, I electronically field the foregoing document with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and via electronic service at the addresses provided for by third party e-commerce platforms.

*Table 1: Defendants Served*

| Defendant No. | Defendant No. | Defendant No. |
|---|---|---|
| 1 | 36 | 59 |
| 2 | 37 | 60 |
| 3 | 38 | 61 |
| 4 | 39 | 62 |
| 9 | 40 | 63 |
| 16 | 41 | 64 |
| 17 | 42 | 65 |
| 18 | 43 | 66 |
| 19 | 44 | 67 |
| 20 | 45 | 68 |
| 21 | 46 | 69 |
| 22 | 47 | 70 |
| 24 | 48 | 71 |
| 26 | 49 | 72 |
| 27 | 50 | 73 |
| 28 | 51 | 74 |
| 29 | 52 | 75 |
| 30 | 53 | 76 |
| 31 | 54 | 77 |
| 32 | 55 | 78 |
| 33 | 56 | 79 |
| 34 | 57 | |
| 35 | 58 | |

*Table 2: Defendants Not Served*

| Unserved Defendants | Reason for Non-Service |
|---|---|
| 5 | Voluntarily Dismissal |
| 6 | Voluntarily Dismissal |
| 7 | Voluntarily Dismissal |
| 8 | Voluntarily Dismissal |
| 10 | Amazon could not locate information. |
| 11 | Voluntarily Dismissal |
| 12 | Voluntary Dismissal |
| 13 | Voluntary Dismissal |
| 14 | Amazon could not locate information. |
| 15 | Amazon could not locate information. |
| 23 | Wish could not locate information. |
| 25 | Voluntarily Dismissal |
| 80 | Voluntarily Dismissal |

*/s/ Y. Nandish Wijetilleke*
Yasasvin Nandish Wijetilleke
Attorney for Plaintiff